7 F.3d 222
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Scottie Sam BOSTIC, Plaintiff-Appellee,
v.
ALLSTATE INSURANCE COMPANY, Defendant-Appellant.
Scottie Sam Bostic, Plaintiff-Appellant,
v.
Allstate Insurance Company, Defendant-Appellee.
 Nos. 92-2026, 92-2052.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 5, 1993.
Decided: October 12, 1993.
 
 Appeals from the United States District Court for the Western District of Virginia, at Big Stone Gap. James C. Turk, District Judge. (CA-92-63-B)
 James N. L. Humphreys, Hunter, Smith & Davis, Kingsport, Tennessee, for Appellant.
 Thomas Lee Rasnic, Rasnic & Rasnic, P.C., Jonesville, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED IN NO. 92-2026 AND AFFIRMED AS MODIFIED IN NO. 92-2052.
 Before WIDENER and HAMILTON, Circuit Judges, and POTTER, United States District Judge for the Western District of North Carolina, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 Bostic originally filed his motion for judgment in the Circuit Court of Lee County, Virginia against Allstate Insurance Company after suffering a fire loss on his residence. Bostic alleged that his homeowners insurance policy with Allstate covered the fire loss and that Allstate refused to pay. Allstate petitioned for removal to federal court on April 30, 1992 based on diversity jurisdiction pursuant to 28 U.S.C. § 1446(a) and the case was removed to the United States District Court for the Western District of Virginia.
 
 
 2
 Contemporaneously with removal, Allstate filed with the district court a patently frivolous motion to dismiss under Fed. R. Civ. P. 12(b)(6) asserting that Bostic had not alleged "that defendant had denied plaintiff's claim."[1] On May 15, 1992, Allstate filed an affidavit made out by Sue Henderson, a Senior Staff Claim Representative for Allstate, as well as a copy of Bostic's homeowner's insurance policy. These documents alleged that Bostic had not complied with all of the policy conditions necessary to payment on his homeowner's policy.[2] On June 8, 1992, the district court entered an order dismissing the case without prejudice and granting Bostic leave to refile within 120 days from the date of the order without paying an additional filing fee upon his meeting the conditions of the homeowner's insurance policy.
 
 
 3
 On June 10, 1992, Bostic filed a motion for a voluntary non-suit to dismiss his case without prejudice. On June 15, 1992, Allstate filed a motion to alter or amend the district court's order of June 8, 1992 so as to dismiss Bostic's claim with prejudice rather than without. On August 5, 1992, the district court issued an order denying each party's motions and leaving in full effect its order of June 8, 1992. Allstate filed a notice of appeal from this order on August 20, 1992, and Bostic filed a notice of cross-appeal from this order on August 28, 1992.
 
 
 4
 Allstate now argues that the district court should have dismissed Bostic's case with prejudice. Allstate's theory is that its motion to dismiss of April 30, 1992 was converted into a motion for summary judgment by the filing of Sue Henderson's affidavit with the court. See Fed. R. Civ. P. 12(b).[3] Allstate contends that because the district court received this affidavit and the affidavit reflected that no genuine issue of material fact existed,[4] the district court's order dismissing Bostic's claim could only have been made with prejudice pursuant to a grant of summary judgment in Allstate's favor.
 
 
 5
 We are of opinion, however, that Allstate's simple submission to the district court of an affidavit made out by an employee of Allstate could not serve as a motion for summary judgment on no ground ever asserted by Allstate's attorney. First, the affidavit was not submitted or signed by an attorney for Allstate. See Fed. R. Civ. P. 7(b)(3) and 11.[5] Second, the affidavit was not at all related to the grounds on which Allstate based its Rule 12(b)(6) motion.[6] Accordingly, the affidavit could not serve as a motion made to the court, nor could it serve as grounds for dismissing Bostic's case with prejudice, as Allstate now argues.
 
 
 6
 But under the same reasoning, the district court should not have conditioned its June 8th order to require Bostic leave to refile upon compliance with certain provisions of his homeowner's policy. Although we assume that the district court had the discretion to dismiss Bostic's suit without prejudice, and include conditions, cf. Fed. R. Civ. P. 41(a)(2), we are of opinion that it should not have required Bostic to comply with a condition based on facts from a document which could not have been used to make a motion in the case and which was completely unrelated to the grounds stated in Allstate's Rule 12(b)(6) motion. We also decide that the 120 day period should run from the day our mandate issues.
 
 
 7
 The end and effect of our decision is that the refusal of the district court to dismiss the action with prejudice is affirmed. The district court's dismissal of the case without prejudice is also affirmed, but its order so dismissing the case is amended to strike out the condition that Bostic is required to comply with the terms of the policy before refiling his case, and to provide that the 120-day period mentioned in the district court's order commences to run the day of the issuance of our mandate.
 
 
 8
 In No. 92-2026, the appeal of Allstate, the judgment of the district court refusing to dismiss the case with prejudice is
 
 
 9
 AFFIRMED.
 
 
 10
 In No. 92-2052, the cross-appeal of Bostic, the judgment of the district court is
 
 
 11
 AFFIRMED AS MODIFIED.
 
 
 
 [1]
 The motion for judgment alleged in part: "Plaintiff has made demand upon Defendant to pay the policy benefits but Defendant has refused to do so."
 
 
 [2]
 Apparently the affidavit was filed in connection with notice given to argue Allstate's "Motion to Dismiss."
 
 
 [3]
 Federal Rule of Civil Procedure 12(b) provides, in relevant part:
 If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside of the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56 . (emphasis added.)
 
 
 [4]
 Allstate filed the affidavit of Sue Henderson to show that Bostic had failed to comply with the conditions necessary for recovery under Bostic's homeowners policy and Virginia law. See Aetna Casualty & Sur. Co. v. Harris, 239 S.E.2d 84 (Va. 1977). We express no opinion as to whether Bostic has complied with the conditions necessary for recovery under his policy, and our decision in this case does not require it. Whether or when Bostic has complied with those policy conditions is not a question before us at this time
 
 
 [5]
 See also Business Guides, Inc. v. Chromatic Communications Enters. Inc., 498 U.S. 533 (1991)
 
 
 [6]
 Allstate's Rule 12(b)(6) motion was based on the incorrect allegation that Bostic had failed to assert in his motion for judgment that Allstate had denied payment on his claim. The affidavit submitted by Allstate and made out by Sue Henderson, however, alleged that Bostic had failed to comply with the conditions necessary to payment on the policy
 We also note that this affidavit, even assuming its validity and relevancy under these circumstances, could not have supported a judgment in favor of Allstate because of lack of notice. See Johnson v. RAC Corp., 491 F.2d 510, 513-14 (4th Cir. 1974) ("reasonable opportunity" under Rule 12(b) requires notice and time for opposing party to conduct reasonable discovery or file counter-affidavits before a Rule 12(b)(6) motion can be converted into and resolved as a motion for summary judgment).